UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES F. ANGELUS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:04-0735 |
| ] | Judge Trauger/Brown |
| CHRIS WARNER, ET AL. ] | |
|     Defendants. ] | |

To:   Honorable Aleta A. Trauger, United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 3) entered September 1, 2004, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court are the defendants' Motion for Summary Judgment (Docket Entry No. 33) and plaintiff's Responses (Docket Entry Nos. 44 and 46) to the Motion for Summary Judgment.

The Magistrate Judge has conducted a review of these pleadings and the record in this case and recommends, for the reasons stated below, that the defendants' Motion for Summary Judgment be granted and that this action should be dismissed.

### I. Background

The plaintiff, proceeding *pro se*, is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. He brought this action pursuant to 42 U.S.C. § 1983, alleging that the

1

defendant police officers used unreasonable force to arrest him in violation of his constitutional rights.

On April 22, 2004, the plaintiff was a fugitive being sought for the attempted murder of a deputy U.S. Marshal. *See* Docket Entry No. 33; Exhibit B. The defendants were members of a Metro Nashville Police Canine Unit that was assisting in the search. The defendants, with the assistance of a tracking dog named Yago, found the plaintiff hiding in a storm sewer and placed him under arrest. The plaintiff describes the events leading to his capture as follows :

> On April 22, 2004, I was manned [sic] and almost drowned by Sgt. Ronald Barnes and Nathaniel Shapiro. Then Officer Chris Warner told his K-9 to attack me while I was handcuffed behind my back. Then Terry Burnett just watch as my rights were violated. As officers of the law, there [sic] suppose to make sure our rights are enshored [sic]. What give any person that right to do that. These officers were working with the U.S. Marshalls [sic] Service. The Marshalls [sic] weren't present when this affense [sic] happened. I continue to have nightmares and I have 11 scares [sic] on my lefted [sic] and right leg. Also on my lefted [sic] arm. I also received stitches also. These officers abused there [sic] power as law enforcement officers.

Docket Entry No. 1 at pg 5.

## II. Legal Discussion

**A.) Standard for Summary Judgment**

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact

2

exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

**B.) Excessive Use of Force Claims**

Excessive force claims within the context of an arrest or investigatory stop are governed by the objective reasonableness standard found in the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1867-1868, 104 L.Ed.2d 443 (1989). The reasonableness of a

3

particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Matthews v. Jones, 35 F.3d 1046, 1050 (6th Cir. 1994). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second decisions about the amount of force to use in circumstances that are tense, uncertain and rapidly evolving. Graham, supra at 109 S.Ct. 1872.

**C.) Appropriateness of Summary Judgment**

From the record, the following facts are undisputed. On April 22, 2004, the plaintiff was being sought for the attempted murder of a deputy U.S. Marshal. The defendants are members of a Metro Police Canine Unit that took part in the search for the plaintiff. The defendants, with the assistance of a tracking dog named Yago, discovered the plaintiff hiding in a storm sewer. Sgt. Barnes and Officer Shapiro attempted to apprehend the plaintiff while Officer Burnett covered them with a shotgun and Officer Warner held Yago by his leash. While the group was still in the storm sewer, Yago bit the plaintiff on his left arm and both legs. The plaintiff's medical records (Docket Entry No. 38) show that he needed some stitches but that he was neither maimed, almost drowned, nor assaulted in any other manner.

The sole material fact in dispute is plaintiff's claim that Officer Warner ordered Yago to bite the plaintiff while he was handcuffed. In support of their Motion for Summary Judgment, the defendants have provided a Statement of Material Facts Not in Dispute (Docket Entry No. 40) and affidavits (Docket Entry Nos. 34-37) stating that the plaintiff, *prior to be handcuffed*, struggled with Sgt. Barnes and Officer Shapiro, then moved towards Officer Warner and was bitten by Yago who was trained to protect his handler.

4

The plaintiff was obliged to file a separate response to each material fact set forth by the defendants. Rule 8(b)(7)(c), Local Rules of Court. The plaintiff was also specifically warned that if he did not respond with evidence to a motion for summary judgment, he risked having it granted (Docket Entry No. 18).

> Plaintiff is forewarned that dispositive motions must be responded to within thirty (30) days unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 8(b)(7).

Docket Entry No. 18, p. 3)

While appearing to offer a blanket denial of the defendants' Statement of Facts Not in Dispute (Docket Entry No. 46), the plaintiff did not specifically admit or deny the individual facts set out by the defendants as required by local rule. Nor has the plaintiff provided any documentary support, such as a sworn statement, for the allegations in his complaint. To avoid summary judgment, the plaintiff must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona, supra. The plaintiff has failed to meet this burden. Accordingly, summary judgment would be appropriate in this instance.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the defendants' Motion for Summary Judgment be GRANTED and that this action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

**ENTERED** this 25th day of August, 2005.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge

6

Case 3:04-cv-00735   Document 48   Filed 08/25/05   Page 6 of 6 PageID #: 19