IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES FRANCIS ANGELUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:04-0735 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| CHRIS WARNER, NATHANIEL SHAPIRO, ) | |
| TERRY BURNETT, and RONALD BARNES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

On August 25, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that the defendants' Motion for Summary Judgment be granted and that this case be dismissed. (Docket No. 48) The plaintiff has filed objections (Docket No. 49), and the defendants have responded (Docket No. 51).

> Upon review of a report and recommendation as to a dispositive matter, this court shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C).

The first contention by the defendants is that the plaintiff's objections are untimely. This is in error. The Report and Recommendation clearly informed the plaintiff that he had ten days from receipt of the Report and Recommendation within which to file objections. (Docket No. 48 at 6) Court records indicate that the plaintiff received the Report and Recommendation on September 2, 2005. His objections were filed September 12, 2005. Therefore, even without the three additional

1

days for service by mail, the plaintiff's objections are timely.

The defendants accurately point out that the plaintiff's objections only go to the dismissal of Chris Warner as a defendant. Therefore, no specific objection having been made to the dismissal of the other three defendants, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court with regard to defendants Nathaniel Shapiro, Terry Burnett, and Ronald Barnes. For the reasons expressed in the Report and Recommendation, it is hereby **ORDERED** that the Motion for Summary Judgment filed by defendants Shapiro, Burnett and Barnes (Docket No. 33) is **GRANTED**, and those three defendants are **DISMISSED** from this case.

With regard to defendant Chris Warner, this court concludes otherwise. The plaintiff has submitted along with his objections copies of a Metropolitan Police Department Preliminary Case Summary, Supplemental Report, and Supplement. (Docket No. 49, Attach.) Two of these documents clearly state that Officer Warner "released" his canine partner, Yago, who then attacked the plaintiff. The defendants do not dispute the legitimacy of these documents in their response. (Docket No. 51) They merely claim that the difference between these documents and the officers' affidavits is "semantics."

It is not semantics for Officers Barnes, Shapiro, and Burnett to clearly state in affidavits that Yago attacked "without being commanded to do so" (Docket Nos. 34 at ¶13, 36 at ¶13, 37 at ¶13) in the face of police reports that clearly state that Officer Warner "released" Yago (to attack the plaintiff). Of course, Officer Warner, who was in control of Yago on a leash, is the only one who knows for sure whether he "released" Yago, or Yago attacked on his own (unless there were verbal commands, which no one seems to allege). Officer Warner, in his Affidavit, states: "Upon seeing Mr. Angelus move towards me, Yago moved to defend me as he is trained to do." (Docket

2

No. 35 at ¶14)  Although different words are used, the court construes Officer Warner's statement to amount to the same thing as the statements of the other officers–that Yago attacked on his own without being instigated to do so by Officer Warner.

Throughout its Motion for Summary Judgment, the defendants base their legal arguments upon the factual proposition that "Neither Officer Warner nor any other officer present ordered Yago to attack the plaintiff." *See, for example*, Docket No. 33 at 2.  Arguing that there was no Fourth Amendment seizure because there was no "involuntary cessation of movement through means intentionally implied," they assert that "Yago's instinctive reaction in accordance with his training" does not give rise to a Fourth Amendment violation.  (Docket No. 33 at 4)  The defendants argue that the plaintiff's excessive force claim must fail because he has failed to show that "any force was personally administered by the officers."  (Docket No. 39 at 5)

The plaintiff has now presented "some significant probative evidence"[1] that raises a genuine issue of material fact as to whether Officer Warner's actions instigated the attack upon the plaintiff.  In the end, because there is no such evidence that the attack occurred while the plaintiff was handcuffed, this disputed fact may not prevent the ultimate dismissal of the case. However, in light of the fact that the present Motion for Summary Judgment was based entirely upon the factual proposition that Yago attacked on his own, this Summary Judgment Motion must be denied as to defendant Warner.

The Magistrate Judge concluded that the plaintiff's failure to "specifically admit or deny the individual facts set out by the defendants as required by local rule" (Docket No. 48 at 5) was fatal to him with regard to this summary judgment motion.  This court construes the plaintiff's responsive documents slightly differently.  First, the plaintiff enumerated specific numbered

---

[1] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).

3

paragraphs of each of the four individual defendants' affidavits that he maintains "contain perjurious statements" (Docket No. 46 at 2) and, included within the list of several paragraphs about which he makes this assertion, are the specific paragraphs cited earlier herein relating to whether Yago attacked on his own or was released. The plaintiff apparently earlier had in his possession the documents that he has now submitted to the court that support his assertion that Yago, in fact, was released to attack him. In a filing on July 13, 2005, before he filed his formal Response to the Motion for Summary Judgment, he states: "I have written docements [sic] . . . that stated Officer Warner stated I made a sudden movement and tryed [sic] to brake [sic] free, then the Officer released his partner K-9 Yago." (Docket No. 44) Why the plaintiff failed to file these documents along with his formal Response in order to substantiate his allegations of perjury in the affidavits, is known only to the plaintiff. However, this court is allowed to receive further evidence in ruling on objections, and the court will consider them.

Because the defendants' arguments were based upon a firm, factual assertion about which there now appears to be a material issue, it is hereby **ORDERED** that the Report and Recommendation is **REJECTED** as to defendant Warner only. For the reasons expressed herein, it is hereby **ORDERED** that the Motion for Summary Judgment filed by defendant Warner (Docket No. 33) is **DENIED**, and this case is **REFERRED** back to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED.**

Enter this 11th day of October 2005.

_____
ALETA A. TRAUGER
United States District Judge

4