UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMES F. ANGELUS | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:04-0735 |
| | ] | Trauger/Brown |
| CHRIS WARNER, ET AL. | ] | |
| Defendants. | ] | |

To:  Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

By an order (Docket Entry No. 3) entered September 1, 2004, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is a Renewed Motion for Summary Judgment (Docket Entry No. 54) from the defendant, Chris Warner, and plaintiff's Response to Material Facts in Dispute (Docket Entry No. 57). The undersigned has conducted a review of these pleadings and the record in this case and recommends, for the reasons stated below, that the defendant's Renewed Motion for Summary Judgment should be denied.

The plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging that four Metro police officers used unreasonable force to arrest him in violation of his constitutional rights. The defendants filed a Motion for Summary Judgment (Docket Entry No.

33). The undersigned found merit in the defendants' contentions and entered a Report and Recommendation (Docket Entry No. 48) urging the Court to grant the Motion for Summary Judgment and dismiss the case.

By a Memorandum and Order (Docket Entry No. 52) entered on October 12, 2005, the Court adopted in part and rejected in part the Report and Recommendation. The claims against Nathaniel Shapiro, Terry Burnett and Ronald Barnes were dismissed. However, in documents submitted by the plaintiff in support of his objections to the Report and Recommendation, the Court found that a genuine issue of material fact existed that would preclude summary judgment for the remaining defendant, Chris Warner.

Sergeant Warner is a member of the Metro Nashville Police Canine Unit. On April 22, 2004, he and members of his unit were assisting in a search for the plaintiff. The defendant, with the assistance of a tracking dog named Yago, found the plaintiff hiding in a storm sewer and placed him under arrest. During the course of the arrest, Sergeant Warner allegedly "told his K-9 to attack me while I was handcuffed behind my back." Docket Entry No. 1 at pg 5. Of course, Sergeant Warner disputes the plaintiff's version of the events that took place that day and claims that Yago acted instinctively and "moved to defend me as he is trained to do." Docket Entry No. 35 at pg. 2. The defendant denies that he commanded Yago to attack the plaintiff and avers that the plaintiff was bitten because he moved aggressively towards him.

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact

exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248.

The sole remaining claim in this action is whether Sergeant Warner commanded his tracking dog to attack the plaintiff while he was handcuffed and was no longer a threat to the defendant. There is no direct evidence in the record to support the plaintiff's contention that he was handcuffed at the time that he was attacked by the dog. There is, however, some evidence suggesting that, consistent with the plaintiff's claim, the defendant "released" the dog, thus allowing it to attack the plaintiff. *See* Attachments to Docket Entry No. 50. In short, there is some evidence in the record to support the plaintiff's claim against Sergeant Warner.

The defendant now explains that the term "released" was used inadvertently and that he did not order the dog to attack. This may well be true. But the term "released" was used earlier

and the District Judge found that its use created a question of fact for the jury. The defendant's explanation of this term in the Renewed Motion for Summary Judgment does not render the factual dispute moot. Credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions that should not be made by a judge at the summary judgment stage of a case. Anderson, supra at 477 U.S. 255; Spirit Airlines, Inc. v. Northwest Airlines, Inc., 431 F.3d 917 (6th Cir. 2005). It remains, therefore, that summary judgment would not be appropriate at this time.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the defendant's Renewed Motion for Summary Judgment be DENIED. It is further RECOMMENDED that this action be set for trial.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/s/ Joe B. Brown
───────────────────────
Joe B. Brown
United States Magistrate Judge